

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | Darrah |
|---|---|---|---|
| **CASE NUMBER** | 12 C 3476 | **DATE** | 8-13-12 |
| **CASE TITLE** | Willie Buckhana (A92929) v. Dr. Ghosh, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to appeal *in forma pauperis* [10] is denied. The court certifies that the appeal is not taken in good faith and orders the plaintiff to pay the appellate fees of $455 within fourteen days or the Court of Appeals may dismiss his appeal for want of prosecution. The clerk is directed to send a copy of this order to the PLRA Attorney, U.S. Court of Appeals for the Seventh Circuit.

■ [For further details see text below.]   Docketing to mail notices.

## STATEMENT

The plaintiff has filed a notice of appeal from the dismissal order entered on May 14, 2012. (Dkt. No. 5). Plaintiff concedes that his appeal is untimely but suggests that he did not receive the dismissal order until July 5, 2012 and July 17, 2012. (Dkt. Nos. 9). Despite invoking Fed. R. App. P. 4(a)(6), plaintiff does not seek leave to reopen the appeal period from the Court, or a motion for an extension of time to file the appeal under Fed. R. App. P. 4(a)(5). He simply files the appeal and then states that no party will be prejudiced by the out of time appeal. (Dkt. No. 9 at 2).

The Court must certify that the appeal is not taken in good faith, and does not present a substantial issue meriting appellate review. The present appeal is untimely as plaintiff concedes. Furthermore, even if plaintiff addresses the timeliness of the appeal, the Court dismissed plaintiff's case at the initial 28 U.S.C. § 1915A screening stage for a failure to state a claim. (Dkt. No. 5).

**(CONTINUED)**

CR

Plaintiff suit is for deliberate indifference regarding a hand injury occurring when he was lifting weights in prison. As the Court's dismissal order explained, plaintiff cannot state a deliberate indifference claim because of the quality of care he received including an immediate x-ray that did not reveal any injuries, various follow-up examinations and treatment, an MRI, referral to an outside expert who identified an injury, and a surgery (followed by rehabilitation) to address the injury. The care plaintiff received was well beyond what was constitutionally required.

Plaintiff's case is not the "exception[al]" situation where a "close question" is presented by a 28 U.S.C. § 1915A dismissal. *Hains v. Washington*, 131 F.3d 1248, 1250 (7th Cir. 1997) (per curiam). Plaintiff's "suit patently fails to state a claim, and the appeal from the dismissal is frivolous." *Id.* In turn, a frivolous appeal cannot be taken in good faith, and no appeal should be taken. 28 U.S.C. § 1915(a)(3); *Moran v. Sondalle*, 218 F.3d 647, 650 (7th Cir. 2000).

Under the rules of the U.S. Court of Appeals for the Seventh Circuit, if the district court certifies that an appeal is not taken in good faith, the appellant cannot prosecute the appeal *in forma pauperis* but rather must pay the appellate fees in full for the appeal to go forward. Consequently, the plaintiff must pay the full $455 within fourteen days or the Court of Appeals may dismiss his appeal for want of prosecution. *See Evans v. Illinois Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998). If the plaintiff wishes to contest this court's finding that the appeal is not taken in good faith, he must file a motion with the Court of Appeals seeking review of this court's certification within thirty days of service of this order. *See* Fed. R. App. P. 24(a)(5).

In sum, the plaintiff's motion for leave to appeal *in forma pauperis* is denied. The plaintiff is ordered to remit to the Clerk of the Court the $455 appellate fee within fourteen days of the date of this order. If the plaintiff fails to comply with this order, the Court of Appeals may dismiss his appeal. The plaintiff is responsible for ensuring payment of the filing fees as directed by this order, and should ensure that the institution having custody of him transmits the necessary funds. Nonpayment for any reason other than destitution shall be construed as a voluntary relinquishment of the right to file future suits *in forma pauperis*. The obligation to ensure full payment of the filing fees imposed by this order shall not be relieved by release or transfer to another prison. The plaintiff is under a continuing obligation to inform the Clerk of this Court in writing of any change of address within seven days.

Payment shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor. Payment should clearly identify the plaintiff's name, as well as the district court and appellate court case numbers assigned to this action. The clerk is directed to send a copy of this order to the PLRA Attorney, United States Court of Appeals for the Seventh Circuit.